MICHELE BECKWITH
Acting United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00318-DJC |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER |
| v. | |
| TAUMAI WOWEE LOLOHEA, EMALATA LOLOHEA | |
| Defendants. | |

**I.   STIPULATION**

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties listed above in *United States v. Lolohea, et al*, 2:24-CR-00318-DJC stipulate and agree, and respectfully request that the Court order that:

1.   The United States possesses material in this case and that material will be provided to counsel for the defendants ("defendants"). For the reasons set forth below, the parties hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential information of victims, witnesses, and third parties.

2.   As part of its investigation in the above-captioned case, the United States is in possession of documents and materials relating to the charges against the defendants, and seeks to provide those

1  documents and materials to the counsel for the defendants.  Some of the materials may exceed the scope
2  of the United States's discovery obligations, but will be produced to promote a prompt and just
3  resolution or trial of the case.

4      3.     The United States intends to produce to the Defense Team, as defined below, materials
5  containing personal identifying information ("PII") and other confidential information of real persons,
6  including, among other things, personal names, addresses, Social Security numbers, employers, and
7  bank account numbers.  Some of the people in these documents are witnesses and third parties to this
8  case.

9      4.     The Parties agree the purpose of the proposed Protective Order is to prevent the
10  unauthorized dissemination, distribution, or use of materials containing the PII of others.

11      5.     Due to the nature of the charges and the alleged conduct in this case, PII appears in a
12  significant part of the discovery materials in this case. The documentary evidence contains a quantity of
13  privacy-protected information that would be difficult or time-consuming to redact. Further, if the
14  government were to attempt to redact all this information, such a process could inhibit prompt and just
15  resolution of the case or preparation for trial.

16      6.     Accordingly, the parties jointly request a Protective Order that will permit the United
17  States to produce discovery that is unredacted. The parties agree that the following conditions, if ordered
18  by the Court in the proposed Protective Order, will serve the parties' interest in maintaining the privacy
19  of third parties, while permitting the defendants to understand the United States' evidence against the
20  defendants.

21      7.     This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
22  Criminal Procedure and Local Rule 141.1.

23      **II.**    ~~**PROPOSED**~~ **PROTECTIVE ORDER**

24      **A.**    **Protected Materials**

25      8.     This Order pertains to items designate in discovery provided or made available to defense
26  counsel in this case and designated by the United States as Protected Materials (hereafter, collectively
27  "Protected Materials").  The United States will designate materials provided in the discovery process as
28  Protected Materials subject to this protective order by labeling them as Protected Materials in the

discovery letter accompanying the discovery transmission, the initials "PM" will be used within the Bates Number designation, and digital media will bear a label reading "PROTECTED MATERIALS SUBJECT TO PROTECTIVE ORDER."

9. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

10. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.  Defense Team**

11. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel(s) of record.

12. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts (including, but not limited to, mitigation specialists and their staff), and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

13. Defense Counsel must provide a copy of this Order to all members of the Defense Team.

**C.  Disclosure of Protected Materials**

14. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendants themselves. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case.

15. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action

STIPULATION AND JOINT REQUEST
FOR PROTECTIVE ORDER

3

1  for no other purposes whatsoever, and shall not be used for the economic or other benefit of the
2  defendants, or any third party. Protected Materials may be disclosed only to the categories of persons
3  and under the conditions described in this Order.

4      16.    Defendants may review Protected Materials in this case only in the presence of a member
5  of the Defense Team, and his or her Defense Counsel shall ensure that each defendant is never left alone
6  with any Protected Materials. Defendants may not copy, keep, maintain, or otherwise possess any of
7  such Protected Materials at any time. Defendants must return any Protected Materials to the Defense
8  Team at the conclusion of any meeting at which defendants review the Protected Materials. Defendants
9  may not take any Protected Materials out of the room in which they are meeting with the Defense Team.

10      17.    Defendants may not write down or memorialize any PII contained in the Protected
11  Materials. At the conclusion of any meeting with defendants, the member of the Defense Team present
12  shall take with him or her all Protected Materials. At no time, under any circumstances, will any
13  Protected Materials be left in the possession, custody, or control of the defendant, whether or not he or
14  she is incarcerated, except as provided below.

15      18.    If, during the pendency of the case, defendants request a copy of the Protected Materials
16  from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant
17  provided that Defense Counsel ensures that all PII contained in the Protected Materials is fully redacted
18  and the copy bears the inscription as described in Paragraph 25. If Defense Counsel provides a redacted
19  copy to defendants subject to these conditions, Defense Counsel or a member of the Defense Team must
20  contemporaneously memorialize in writing that it has fully redacted PII from the Protected Materials
21  and complied with this Order. This written certification need not be disclosed or produced to the United
22  States unless ordered by the Court.

23      19.    The Defense Team may review Protected Materials with a witness or potential witness in
24  this case, including the defendant, subject to the requirement above that a member of the Defense Team
25  must be present if Protected Materials are being shown to the defendant. Before being shown any
26  portion of the Protected Materials, however, any witness or potential witness must be informed of the
27  existence of the Protective Order and given a copy of the Protective Order. No witness or potential
28  witness may retain Protected Materials, or any copy thereof, after his or her review of those materials

with the Defense Team is complete.

20. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

21. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

### D. Ensuring Security of Protected Materials

22. The Defense Team shall maintain the Protected Materials safely and securely, and the Defense Team shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

23. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

24. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

25. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E. Filings

26. In the event that a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with

the Court, or disclose PII or Tax Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII, or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

### F. Conclusion of Prosecution

27. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

28. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

29. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that all PII and Tax Information contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 25.  If Defense Counsel provides a redacted copy to defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has fully redacted PII from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

### G. Termination or Substitution of Counsel

30. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian

of materials, and shall then become responsible, upon the conclusion of appellate and postconviction proceedings, for complying with the provisions set forth in Paragraph 29 above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Modification of Order

31. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. Violation of Order

32. Any person who willfully violates this Order may be held in contempt of court and may subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### J. Application of Laws

33. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

34. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules and applicable statutes.

[CONTINUED ON NEXT PAGE]

                                              MICHELE BECKWITH
                                              Acting United States Attorney

Dated: April 29, 2025                By:  */s/ Robert Abendroth*
                                              ROBERT ABENDROTH
                                              Assistant United States Attorney

Dated: April 29, 2025                By:  */s/ Hootan Baigmohammadi*
                                              HOOTAN BAIGMOHAMMADI
                                              Counsel for Taumai Wowee Lolohea

Dated: April 29, 2025                By:  */s/ William Flynn Portanova*
                                              WILLIAM FLYNN PORTANOVA
                                              Counsel for Emalata Lolohea

**FINDINGS AND ORDER**

      The Court, having read and considered the Stipulation and Joint Request for a Protective Order, which is incorporated by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO ORDERED.

Dated:  April 29, 2025                                                      
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE